Steven S. SCHOLES, not individually, but solely as Receiver for Michael S. Douglas, D & S Trading Group, Ltd., Analytic Trading Systems, Inc., Analytic Trading Service, Inc., and on behalf of a class, and Harris and Diane DeJong, both individually and on behalf of those similarly situated, Plaintiffs,

v.

Robert G. TOMLINSON, et al., Defendants.

No. 90 C 1350.

United States District Court, N.D. Illinois, E.D.

Dec. 18, 1992.

Susan E. Cox, U.S. Atty.'s Office, Wilber H. Boies, Gary L. Prior, Richard Lawton Sandler, James Raymond Pranger, Michael V. Hughes, Mary B. Tribby, McDermott, Will & Emery, P.C., Chicago, Ill., for plaintiffs.

Terry M. Grimm, Timothy Joseph Rivelli, Thomas Joseph Wiegand, Winston & Strawn, Gregory A. Friedman, Paula K. Maguire, Evdoxia Beroukas, Friedman & Holtz, P.C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

### I. Background

This action is brought by Steven S. Scholes ("Scholes"), not individually but solely as Receiver for D & S Trading Group, Ltd. ("D & S"), Analytic Trading Systems, Inc. ("AT Systems"), Analytic Trading Service, Inc. ("AT Service"), and by Harris and Diane DeJong (the "DeJongs"), individually and on behalf of a putative class of investors in D & S, AT Systems, and AT Service, against defendants Robert G. Tomlinson, Darlene Tomlinson, George Edgar Tomlinson, Jr., and Tomlinson Enterprises, Ltd. This action arises out of certain fraudulent schemes perpetrated by Michael S. Douglas ("Douglas"), for which Douglas pleaded guilty and is currently incarcerated. In the present case, the DeJongs assert civil causes of action against alleged co-conspirators of Douglas who allegedly assisted in carrying out his illegal schemes.

The DeJongs' second amended complaint consists of twelve counts on behalf of the class. The DeJongs have alleged claims against Robert G. Tomlinson and Tomlinson Enterprises, Ltd. for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder (Count I), violations of Section 12(2) of the Securities Act of 1933 (Count II), aiding and abetting violations of Section 10(b) and Rule 10b–5 (Count III), violations of Section 1962(a) of RICO (Count V)[1], violations of Section 1962(b) of RICO (Count VI), violations of Section 1962(c) of RICO (Count VII), violations of Section 1962(d) of RICO (Count VIII), violations of Sections 25110, 25400(d) and 25401 of the California Corporate Securities Law of 1968 (Counts IX and X), aiding and abetting such laws (Count XI), and common law fraud (Count XII). The DeJongs now move to certify a class on behalf of all persons or entities who were investors in D & S, AT Systems or AT Service and who have lost some or all of their investments. Excluded from the putative class are those investors who are defendants in related class actions instituted by either the DeJongs or John and Pamela LaVinka. Both parties fully briefed the issues and a decision was imminent when the defendants filed a supplement, on or about September 9, 1992, to their response to the DeJongs' motion for class certification. Following closely was the DeJongs' supplemental reply in support of their original motion for class certification. After reviewing the voluminous materials submitted by both parties, for the following reasons the court will partially certify the class proposed by the DeJongs.

## II. *Class Certification*

The DeJongs bear the burden of demonstrating that all four prerequisites of Rule 23(a) are satisfied as well as one of the three categories of Rule 23(b). *See*

*Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984). Class certification under Rule 23(a) is appropriate when: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a). Equally important, because the DeJongs wish to certify a class pursuant to Rule 23(b)(3)[2] they must also demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED.R.CIV.P. 23(b)(3). Lastly, when deciding a motion for class certification, this court must accept the well-pled facts as true. *Maloney v. Washington*, 584 F.Supp. 1263, 1265 (N.D.Ill.1984); *Jennings v. Emry*, 910 F.2d 1434, 1436 n. 1 (7th Cir.1990).

In opposition to class certification, the defendants initially advance four arguments. The defendants contend that the class should not be certified because the DeJongs have no standing to raise the claims of the putative class, that the DeJongs failed to show that the putative class has numerous members sharing common claims, that the facts do not support any claims against the defendants, and that the secondary liability claims are conclusory and do not support class certification. In the supplement to their original memorandum in opposition, defendants argue that the class should not be certified because the investor class members who were allegedly defrauded by the defendants have either settled all claims in the suit, represent-

---

**1.** Count IV, alleging aiding and abetting violations of Section 12(2), has been voluntarily dropped as a cause of action not recognized by this circuit. (Plaintiff's Reply Brief at 4 n. 1). *See Ackerman v. Schwartz*, 947 F.2d 841 (7th Cir.1991).

**2.** In their Memorandum in Support, plaintiffs state in their opening sentence that they are moving for class certification under Rule 23(b)(1), as well as 23(b)(3). Never again, however, do the plaintiffs attempt to support class certification under, or even refer to, Rule 23(b)(1). This court will, therefore, not consider the propriety of class certification under Rule 23(b)(1).

ed that they will opt out if a class is certified, or have no claim against these defendants. These arguments will be addressed in turn.

■ As an initial matter, this court will not address the merits of the plaintiff's underlying claims at this point. The court will, thus, not address the arguments that plaintiffs failed to state a claim because of either insufficient factual or conclusory allegations. The court will, however, look into the factual and legal arguments insofar as they concern class certification. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974) (rejecting inquiry into merits in a motion for class certification); *Halverson v. Convenient Food Mart, Inc.,* 458 F.2d 927, 932 (7th Cir.1972). Therefore, defendants' standing argument will be discussed only in light of the requirements of class certification. We now address each relevant argument, and the requirements of Rule 23, in turn.

## A. Numerosity

According to Rule 23(a) the proposed class must be so numerous that joinder of all members is impracticable. The DeJongs seek to represent a class of 129 to some 300 persons geographically dispersed throughout the United States. In fact, the complaint alleges that over 300 account holders in the various Douglas entities lost in excess of 30 million dollars as a result of Douglas' fraudulent conduct.

■ Defendants, however, probably based on our earlier order in a companion case, did not initially challenge the numerosity requirement. *See Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181 (N.D.Ill.1992) (order granting class certification based on similar numerosity claims). In their supplemental response to plaintiff's motion, however, defendants submit affidavits and/or settlement agreements of eight individual investors who either settled all claims with the Tomlinson defendants or stated their intentions of opting out of the class, and argue that this defeats class certification. This argument is flawed. First, defendants' argument is based on the premise that the DeJongs "rely entirely on allegations of material misrepresentations and omissions Robert G. Tomlinson allegedly made to other persons.... The DeJongs' own claims rely on general allegations of conspiracy with respect to the defendants' alleged acts in connection with these 'other persons' named in their complaint, *i.e.,* B.E. Barnes, Joan Comisar, N. Lee Comisar, David Katz, Thomas J. Pleman, Noland H. Schneider, Mark Stevenson, and John C. Williams." Defendants' Supplemental Response at 2–3. Defendants further state that each of these individuals has either settled his or her claims against these defendants, represented that he or she will opt out of any class, or has no claims against the defendants.

This is not dispositive. The DeJongs assert that the putative class consists of between 129 and over 300 investors as defined by classes 1, 2, and 4 of the SEC Plan of Distribution. The defendants counter that only the eight individuals specified are proper class members and that their exclusion from the class is dispositive. But this proposition is not supported. The defendants do not state how the eight individuals are the only proper class members, nor do they explain away the remaining three hundred or so alleged class members. Furthermore, this court will not base its determination of this issue on preliminary statements of the putative class members. The remaining putative class members are sufficiently numerous that joinder would be impracticable. Therefore, the court holds that the numerosity requirement of Rule 23(a)(1) is met here.

## B. Commonality

■ Rule 23(a)(2) requires that there be questions of law or fact common to the class. The DeJongs argue that issues of law and fact common to the class include: (1) whether misrepresentations and omissions were made to the class in connection with the sale of securities by Douglas, D & S, AT Systems and AT Service, (2) the nature of defendants' conduct in connection with the operation and sale of securities by Douglas, D & S, AT Systems and AT Ser-

vice, (3) whether defendants' conduct violated the California securities law, and (4) whether defendants' conduct violated RICO. Defendants' only challenge to commonality, besides lack of standing which is discussed below, is that individual questions relating to reliance, materiality and relative sophistication predominate. This is not persuasive. There *can* be individual issues in class actions. "[T]his provision [of Rule 23(a) ] does not require that all the questions of law or fact raised by the dispute be common." *Goldwater v. Alston & Bird*, 116 F.R.D. 342, 346 (S.D.Ill.1987); *see also Thillens, Inc. v. Community Currency Exchange Ass'n*, 97 F.R.D. 668, 677 (N.D.Ill.1983) ("Not all factual or legal questions raised in the lawsuit need be common so long as a single issue is common to all class members."). Because there exist substantial issues of fact or law common to the putative class, this provision of Rule 23 is met. Furthermore, these allegations are very similar to those made by class plaintiffs in a related case in which this court certified the class. *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D.Ill.1992) (order granting class certification based on similar claims of commonality). Therefore, the court finds that the DeJongs sufficiently allege questions of law or fact common to the class as required under Rule 23(a)(2).

### C. Typicality

■ The DeJongs' claims are typical under Rule 23(a)(3) if they arise "from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983)). But typical does not mean identical. Rather, the court must "look to the defendant's conduct and the plaintiff's le-

gal theory to satisfy Rule 23(a)(3)." *Rosario*, 963 F.2d at 1018. Furthermore, the typicality requirement is liberally construed. *Hochschuler v. G.D. Searle & Co.*, 82 F.R.D. 339, 344 (N.D.Ill.1978).

The DeJongs class claims meet the typicality requirement. First, defendants do not challenge plaintiffs' assertion of typicality. Furthermore, the court believes, based on its own independent research, that plaintiffs have met the requirements of typicality required under Rule 23(a)(3). *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D.Ill.1992) (order granting class certification based on similar typicality claims in related case). Further discussion is, therefore, unwarranted.

### D. Adequacy of Representation

■ The final element of Rule 23 requires that the representative parties fairly and adequately represent and protect the interests of the class. FED.R.CIV.P. 23(a)(4); *Rosario*, 963 F.2d at 1018. This subsection is composed of two factors. The first requirement is that the class representative not have interests antagonistic to those of the class. The second requirement is that the plaintiffs will vigorously pursue the litigation on behalf of the class and their chosen attorney must be qualified, experienced and able to conduct the litigation.[3] *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir.1986); *Fry v. UAL Corp.*, 136 F.R.D. 626, 634 (N.D.Ill. 1991). Defendants do not directly attack this final requirement, but instead indirectly argue that this requirement is not met because the DeJongs have no standing to assert claims against the Tomlinsons.[4] Defendants assert that all losses alleged in the DeJongs' complaint were caused by Douglas—not the Tomlinson defendants—and that the DeJongs, therefore, cannot show a case or controversy with these defendants. Therefore, the defendants ar-

---

**3.** There is no dispute that counsel for the De-Jongs are well-qualified and experienced.

**4.** This court addresses defendants' lack of standing argument here as an attack of this prong of Rule 23(a)(4). As to any other implications of standing, defendants' arguments are not being

considered because they are improperly raised in a motion for class certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *Halverson v. Convenient Food Mart, Inc.*, 458 F.2d 927, 932 (7th Cir.1972).

gue, the DeJongs cannot adequately represent the putative class because they have no beef with these defendants.

■ To achieve standing, a plaintiff generally must demonstrate a "personal stake in the outcome of the controversy ... as to ensure that the dispute sought to be adjudicated will be presented in an adversary context ..." *Sierra Club v. Morton*, 405 U.S. 727, 732, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). Here, however, the DeJongs seek only to certify the class of plaintiffs and to act as representatives of such class. As such, the relevant standing inquiry is limited to whether the DeJongs can present this case against these defendants in an "adversary context" so as to "fairly and adequately protect the interests of the class" as required under Rule 23(a)(4). Whether or not the *class* has standing to assert the claims against these defendants is more properly addressed in a motion to dismiss after the decision is made to certify the class or not, *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974) (rejecting inquiry into merits in a motion for class certification), but in any case is not challenged here.

■ As potential class representatives, the DeJongs "must allege and show that they have been personally injured, not that injury has been suffered by other unidentified members of the class to which they belong and which they purport to represent. Unless *these petitioners* can thus demonstrate the required case or controversy between themselves personally and respondents, none may seek relief on behalf of himself or any other member of the class." *Pakis v. City of Chicago*, No. 91 C 4921, 1992 WL 159310, *4, 1992 U.S.Dist.LEXIS 9567, *12 (N.D.Ill. June 30, 1992) (order granting defendant's motion to dismiss). Therefore, the allegations of each count advanced by the putative class shall be addressed accordingly.

1. *Section 10(b) and Rule 10b–5 (Counts I and III)*

■ Under Section 10(b), the DeJongs need not allege any direct contact with the defendants to assert a claim. The DeJongs also do not need to allege reliance on a material fact misrepresentation. Allegations of the actionable scheme are sufficient. *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 152–53, 92 S.Ct. 1456, 1471–72, 31 L.Ed.2d 741 (1972); *Goldwater v. Alston & Bird*, 116 F.R.D. 342, 348–49 (S.D.Ill.1987). Here, the DeJongs assert sufficient allegations of a scheme or artifice to defraud, as well as substantial losses as a result thereof, such that they are proper class representatives to protect the interests of the class as a whole. Therefore, the court will certify the class as proposed as to Counts I and III.

2. *Section 12(2) (Count II)*

As to Count II, defendants argue that the DeJongs have no standing because the DeJongs did not personally purchase securities from the defendants, as required under the statute. *See* 15 U.S.C. § 77*l*. The court agrees with this argument. "[O]nly the person purchasing such security from a seller may use § 12". *Ackerman v. Schwartz*, 947 F.2d 841, 845 (7th Cir.1991). The DeJongs have not alleged that they knew the Tomlinsons or that they purchased securities from them or that the Tomlinsons solicited them regarding a securities transaction. Furthermore, the only case cited by the DeJongs in support of certification is not dispositive. In *In re Computer Memories Securities Litigation*, the District Court partially certified a class only as to the issue of whether the information disseminated contained material misrepresentations and omissions. *Computer Memories*, 111 F.R.D. 675, 681 (N.D.Cal.1986). That court refused to certify the class as to the Section 12(2) liability of defendants to the entire putative class where the purported class representative did not rely on any misrepresentations made by defendant.

■ Similar action is warranted in this action as to this count. The DeJongs do not sufficiently allege a 12(2) claim between themselves and the defendants so as to adequately represent the interests of the putative class. The facts alleged do, how-

ever, support certification of the class as to whether the information allegedly disseminated by the Tomlinsons contained material misrepresentations and omissions.[5] The DeJongs, and the putative class, allege that, inter alia, defendants prepared and sent to them monthly statements which contained false and fraudulent representations. The class of plaintiffs further alleges that its investor members were induced to purchase securities based thereon. The DeJongs do not allege any personal reliance on, inducement by or actual sale from the defendants based on this allegedly fraudulent information. Therefore, the court will certify a subclass of only those investors who purchased securities from the Tomlinson defendants. This court will not certify the putative class as to Section 12(2) liability, but does certify the proposed class with respect to whether the information disseminated by the defendants falsely misrepresented or omitted material facts.

### 3. *RICO Claims (Counts V through VIII)*

Defendants next argue that the DeJongs lack standing under the RICO counts because they do not allege any injury "by reason of" any acts of the Tomlinson defendants. The court does not accept this argument. In support, defendants cite *Holmes v. Securities Investor Protection Corp.*, —— U.S. ——, —— – ——, 112 S.Ct. 1311, 1316–22, 117 L.Ed.2d 532 (1992). In *Holmes*, the Supreme Court upheld the District Court's dismissal of the plaintiffs' RICO allegations because the plaintiffs were "injured only indirectly" by the defendant and, so, were "not proper plaintiffs". *Holmes*, —— U.S. at ——, 112 S.Ct. at 1321. The court's reasoning was based on lack of proximate cause, however, and not a lack of standing. As such, the decision resulted from a summary judgment motion after "some five years of litigation." *Holmes*, —— U.S. at ——, 112 S.Ct. at 1315. Thus, whether there was or was not proximate cause alleged here is more properly addressed in a motion for summary judgment. As it stands now, defendants at-

tempt to dispose of this issue in one sentence in their Memorandum in Opposition. Therefore, because of the elusive nature of this issue and the impropriety of deciding it on a motion for class certification without proper opportunity for argument, the court declines to do so here.

 The court believes that the DeJongs have alleged at least sufficient indirect injury under their RICO counts to meet the requirements of class certification. As discussed above, the DeJongs do not allege personal reliance on the defendant's alleged misrepresentations. However, they do allege that they suffered substantial loss as the result of a racketeering conspiracy, and acts in furtherance thereof, in which these defendants were allegedly involved. *See Schiffels v. Kemper Financial Services, Inc.*, 978 F.2d 344, 348–49 (7th Cir.1992). Because the only relevant question here regarding standing is whether the DeJongs can adequately represent and protect the interests of the class, the court holds that the DeJongs have met the requirements of Rule 23(a)(4). Therefore, the class is certified as proposed as to the RICO Claims–Counts V through VIII of the Second Amended Complaint.

### 4. *California Securities Law Claims (Counts IX through XI)*

The DeJongs and the putative plaintiff class allege violations of Sections 25110, 25400(d) and 25401 of the California Corporate Securities Law of 1968, and aiding and abetting violations of the same provisions. Against certification of a class in regard to these claims, the defendants argue that the DeJongs lack standing to represent the class because (1) they do not allege any sale or misrepresentation to them by these defendants and (2) they have no standing, as Illinois residents, to raise claims based on California law.

 Assuming, *arguendo*, that the DeJongs have alleged the requisite personal sale or misrepresentation under California law, defendants' second argument is dis-

---

**5.** Fᴇᴅ.R.Cɪᴠ.P. 23(c)(4) authorizes this court to certify a class with respect to a particular issue, as opposed to an entire claim. *See Computer Memories*, 111 F.R.D. at 681 n. 4.

positive. "Only purchasers who can show the requisite contacts with California can satisfy the jurisdictional limitations of Cal. Corp.Code, Section 25008." *McFarland v. Memorex Corp.*, 96 F.R.D. 357, 364 (N.D.Cal.1982). "These sections apply only to purchasers who buy a security in California ...". *McFarland*, 96 F.R.D. at 364. The only rebuttal argument forwarded by the putative class is that they have standing because their counts "parallel the federal statutes." Plaintiff's Reply Brief at 4–5. This is an insufficient basis on which to breathe life into an otherwise lifeless claim. The DeJongs have not alleged any contact with California. Furthermore, it is not clear which members, if any, of the class bought securities from the Tomlinsons in California. Without this showing, the court will not, and can not, certify the class as proposed under these claims, Counts IX, X and XI.

### 5. *Common Law Fraud (Count XII)*

■ Defendants attack class certification on this claim on the same grounds as they raised regarding the Section 10(b) counts—namely, that the DeJongs failed to allege detrimental reliance or that they suffered any injury based on any misrepresentations made to them by the defendants. As to this count, the court agrees with the defendants. To adequately represent the class, the DeJongs must have suffered injury by these defendants. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). The DeJongs allege nothing more than that "the investors suffered damage" due to the defendants' alleged fraud. *See* Second Amended Complaint ¶ 106 at page 46. Furthermore, the DeJongs do not allege that they relied to their detriment on any alleged misrepresentations of the defendants. Thus, the DeJongs have no standing on this count as to these defendants. Therefore, the DeJongs cannot adequately represent the putative class of plaintiffs on this claim and the class will not be certified as to this count.

### E. Predominance and Superiority

In addition to meeting the requirements of Rule 23(a), the DeJongs and the putative class must also meet the requirements of Rule 23(b)(3). The DeJongs must demonstrate that class questions predominate and that a class action is a superior method to adjudicate this controversy. FED.R.CIV.P. 23(b)(3).

Defendants do not challenge these requirements. Furthermore, the court believes that these requirements are met. The court believes that, as to the counts regarding which Rule 23(a) is satisfied as stated above, class questions predominate and a class action is the superior method to adjudicate the controversy. *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D.Ill.1992) (order granting class certification in companion case). Therefore, the court holds that the requirements of Rule 23(b)(3) are met.

### III. *Miscellaneous Claims*

For reasons of completeness, the court will address the remaining arguments advanced by the parties in their memoranda supporting their positions regarding the motion for class certification.

■ The defendants argue that, because the DeJongs' claims are based on fraud, their allegations must set forth facts with particularity pursuant to FED.R.CIV.P. 9(b), and that plaintiffs' claims here do not so comply. Tomlinson Opposition Memo. at 4. This argument is not appropriate in a motion for class certification. Furthermore, defendants have allocated only two sentences to the argument in their memorandum. Therefore, the court declines to address this argument.

■ Lastly, defendants argue, in their supplemental opposition memorandum, that there is no cause of action in this court for conspiracy to violate the federal securities laws, citing *Kaliski v. Hunt International Resources Corp.*, 609 F.Supp. 649, 653 (N.D.Ill.1985). In making this argument, defendants fail to mention two things. First, that plaintiffs allege more than mere conspiracy claims and, second, that this circuit has, subsequent to *Kaliski*, recog-

nized claims of conspiracy to violate federal securities laws. *See Deppe v. Tripp,* 863 F.2d 1356 (7th Cir.1988); *First Interstate Bank, N.A. v. Chapman & Cutler,* 837 F.2d 775, 780 (7th Cir.1988). Therefore, the court rejects this argument as a matter of law. If defendants can successfully refute the factual underpinnings of these claims then a different situation is presented—but they have not done so here.

### IV. *Conclusion*

For all the reasons discussed above, the court holds and orders as follows. The proposed class will be certified as to Counts I, III, V, VI, VII, VIII and will be certified as to Count II only as to whether or not the information disseminated by the defendants contained material misrepresentations or omitted material facts.