**Nelwin BREWER and Johnnie Mae Johnson, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Lawrence FRIEDMAN, d/b/a Law Offices, Lawrence Friedman, Defendant.**

**No. 93 C 971.**

United States District Court, N.D. Illinois, E.D.

Dec. 28, 1993.

---

Alan A. Alop and Benjamin C. Weinberg, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiffs.

Richard J. Sorman, Rieck & Crotty, P.C., Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion for class certification of plaintiffs Nelwin Brewer and Johnnie Mae Johnson ("plaintiffs") pursuant to Rule 23 of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is granted.

## FACTS

Defendant Lawrence Friedman ("Friedman") practices law in Chicago, Illinois. As part of his practice, Friedman represents creditors in their efforts to recover debts allegedly owed. Friedman was contacted by two clients in order to recover monies allegedly owed by the plaintiffs on two unrelated matters. After the plaintiffs refused to pay their alleged debts, Friedman sued them in the Cook County Circuit Court on behalf of his two clients.

Service of the summonses and complaints was effectuated by the Cook County Sheriff. Friedman, however, mailed courtesy copies of the summonses and complaints to the plaintiffs in envelopes bearing the return address of Friedman's law firm. Included in the envelopes was a separately folded copy of a notice on plain paper labelled "*IMPOR-TANT NOTICE*" (the "Notice"). Plaintiffs allege in their lawsuit that the Notice violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2), (9), (10), (11), and (13). This court has granted partial summary judgment in favor of the plaintiffs, holding that the Notice did violate subsections 1692e(9), (10), (11), and (13) of the FDCPA.

1. The issue of class certification was stayed pending resolution of the issue of liability because the

The present motion for class certification maintains that there are numerous individuals against whom Friedman filed suit and to whom Friedman mailed the Notice in connection with his debt collection practices.[1] The plaintiffs define the class as "all persons from whom the defendant collected or attempted to collect a debt between February 16, 1992 and the date of filing of this action, by use of documents, identical or similar in form to" the Notice. Plaintiffs estimate a class of at least 500 individuals.

## DISCUSSION

In order for the court to certify the class proposed by the plaintiffs, the plaintiffs must demonstrate (1) the class is so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the entire class, (3) the claims of the named plaintiffs are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 183 (N.D.Ill.1992). Additionally, because plaintiffs seek certification pursuant to Rule 23(b)(3), they must demonstrate that the common questions of law or fact predominate over the questions affecting only individual members, and that the class action is a superior method for the fair and efficient adjudication of the controversy. *Scholes,* 143 F.R.D. at 183.

The court finds that the class is so numerous that joinder of all members is impracticable. The exact size of the proposed class and the identity of the class members need not be established for the court to certify a class, and the numerosity requirement may be supported by common sense. *Scholes,* 143 F.R.D. at 184; *Grossman v. Waste Management, Inc.,* 100 F.R.D. 781, 785 (N.D.Ill.1984). Friedman is an attorney representing creditors who has filed nearly fifteen thousand lawsuits in the relevant time period. Friedman regularly and systematically utilizes the Notice that is the subject of this lawsuit as part of his collection efforts. These Notices are mailed out with a copy of

court intended to address the straight-forward liability issue in this case quickly.

the summons and complaint. Plaintiffs reveal at least three hundred individuals sued as part of Friedman's non-commercial, or consumer, collection efforts. Common sense thus dictates that there are approximately three hundred to fifteen hundred individuals to whom Friedman mailed the Notice in connection with his collection activities. Requiring all of these recipients of the Notice to individually file suit against Friedman would not be practical. *See Scholes,* 143 F.R.D. at 184 (forty to fifty is sufficient, to qualify as a class); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D.Ill.1986) (twenty-nine persons certified as a class). The court therefore finds that the numerosity element is satisfied in this case.

Next, there exist questions of law that are common to the entire class. The chief question of law in this case, whether the Notice violates the FDCPA, is the common nucleus for each person who received a Notice from Friedman. Additionally, the remaining issues concerning Friedman's status as a debt collector and the statutory damages are similar or common to all persons who received a Notice. Minor factual deviance is not going to defeat this element. *Rosario v. Livaditis,* 963 F.2d 1013, 1017–18 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993).

The typicality element is also satisfied because the plaintiffs' claims arise from the same practice or course of conduct of Friedman from which the claims of the putative class members arise. Further, the putative class members' claims will involve the same legal theory as the current plaintiffs' claims. *See Scholes,* 143 F.R.D. at 185 (citing *Rosario,* 963 F.2d at 1018). Friedman's conduct and the plaintiffs' legal theory form the central focus of this element; yet each does not need to be identical for all class members. *Id.* In the present case, the same central strategy of Friedman in utilizing the deceptive Notice in his collection efforts affects each putative class member. Again, factual nuances may influence the fundamental questions, but they will not determine the fundamental questions.

The representative parties will fairly and adequately protect the interests of the class.

The class representatives do not have interests antagonistic to those of the class and they will vigorously pursue the litigation on behalf of the class. *See Scholes,* 143 F.R.D. at 186. Friedman asserts that Brewer and Johnson are not adequate class representatives because Brewer was held in contempt in the underlying litigation, that Brewer's debt may not qualify as a consumer debt, and that Johnson was advised by counsel in the underlying litigation at all relevant times. Assuming *arguendo* that these assertions are true, they fail to demonstrate a conflict or shed any light on whether the plaintiffs are unable to represent the class vigorously. The contempt issue is a matter of credibility that is left for a jury to decide. Also, subsequent action may be taken by the court if necessary to strengthen the representation. *See* Fed.R.Civ.P. 23(c)(1) & (d)(3).

Last, the court finds that the common issues of law certainly predominate any individual issues that may arise and the class action is the superior method for the fair and efficient adjudication of the merits. Common issues may be dominant regardless of whether the damages differ among class members. *Heastie v. Community Bank of Greater Peoria,* 125 F.R.D. 669, 679 (N.D.Ill.1989); *see Zanni v. Lippold,* 119 F.R.D. 32, 33 (C.D.Ill. 1988) (legality of debt collection practice of defendant predominated over individual issues irrespective of minor factual differences). The class action is a superior means of adjudicating the claims of the putative class because the damages awarded to individual plaintiffs may be too insignificant to provide an incentive for individuals to pursue them separately in court. Efficiency is served because a class action provides a large group of litigants an opportunity to adjudicate their common claims in a single lawsuit where the costs of discovery, motions, and trial would dissuade many of them from asserting their rights. *See Zanni,* 119 F.R.D. at 35–36; *In re Folding Carton Antitrust Litigation,* 75 F.R.D. 727, 732 (N.D.Ill. 1977).

In sum, the court finds that all the relevant requirements of Rule 23 are met. The court certifies the plaintiffs as representatives of the class of persons similarly situated

and allows the case to proceed as a class action. The class is defined as all persons from whom Friedman collected or attempted to collect a debt, as defined under 15 U.S.C. § 1692a(5), between February 16, 1992 and the date of filing of this action, by use of documents, identical to or similar in form to Exhibit A of the First Amended Complaint.

## CONCLUSION

For reasons stated above, plaintiffs' motion for class certification is granted.

IT IS SO ORDERED.

