Chad COE and Anthony Imburgia, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs,

v.

NATIONAL SAFETY ASSOCIATES, INC., Jay Martin, Todd R. Isaacson, Chris Christofferson and Marjorie A. Scontrino, d/b/a NSA USA Group & John Doe 1 Through 500, inclusive, Defendants.

No. 90 C 3209.

United States District Court, N.D. Illinois, E.D.

May 15, 1991.

Herbert Beigel, Ronald A. Schy, Beigel & Sandler, Ltd., Chicago, Ill., Norman Rifkink, for plaintiffs.

Donald A. Mackay, G. Gale Roberson, Jr., McBride Baker & Coles,. Chicago, Ill., for National Safety Associates, Inc. and Jay Martin.

Merle L. Royce, Marshall J. Burt, Mark Banks–Golub, Law Offices of Merle L. Royce, Chicago, Ill., for Chris Christofferson and Marjorie A. Scontrino.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Since this court granted plaintiffs' motion for class certification,[1] it has been inundated with paper. A motion for reconsideration generated the usual response and reply, as well as two surreplies, an addendum and finally, an 'addition'. As much to save those trees that have so far survived the parties' zeal as to review its earlier decision, the court now rules on the motion.

In its original decision, the court construed plaintiff's complaint as one against defendant National Safety Associates' sales and marketing *system*. So considered, the court found that there were substantial questions common to the class, and that plaintiffs met the other criteria for class certification pursuant to Fed. R.Civ.P. 23. However, the court did not address the narrower (and more pertinent) question whether a class adjudication of each of the *specific* claims of plaintiffs'

---

**1.** See *Coe v. NSA,* 134 F.R.D. 235 (N.D.Ill.1991).

second amended complaint (the one currently pending) was appropriate. That is the proper analysis and, applying it, the court finds that class certification is inappropriate. Accordingly, the court vacates its order of February 12, 1991.

## Discussion

Plaintiffs' second amended complaint consists of six counts. The first two allege violations of the securities laws, § 10(b) of the 1934 Securities Act and § 12(2) of the 1933 Act, 15 U.S.C. §§ 78j(b) and 77*l*, respectively. Count 3 alleges common law fraud. Count 4 is a negligence claim. Count 5 is a 'RICO' claim, see 18 U.S.C. § 1961 et seq., and count 6 seeks relief under the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½, par. 261 et seq.

### 1. Common or State Law Claims

■ The court notes initially that three of the six counts of plaintiffs' complaint, 3, 4 and 6, are based upon state law. These claims are inappropriate for class treatment, since the proposed class consists of citizens of at least forty-eight states, and plaintiffs' claim necessarily includes claims which arose in each of those states.

Neither the parties nor the court discussed these claims on plaintiffs' original motion for class certification. The claims with which the parties are most concerned and to which they have devoted the majority of the plethora of papers they have submitted to this court are those invoking the federal securities laws and RICO.[2] The court will address each of these in turn.

### 2. Securities Claims

■ The defendants argue that class certification is inappropriate for plaintiffs' securities claims because each plaintiff will have to prove the particular misrepresentation upon which s/he relied in order to prevail. Hence, they maintain, there is no material question common to the class. The defendants are correct.

**2.** The court notes that the parties have submitted so many papers, motions and briefs that they have frequently obfuscated issues which, in

■ To prevail on a claim under § 10(b) or R. 10b-5, a plaintiff must prove that the defendants' misrepresentations caused both plaintiff's transaction and plaintiff's loss. See *Bastian v. Petren Resources Corp.*, 681 F.Supp. 530 (N.D.Ill.1988) (Duff, J.), aff'd, 892 F.2d 680 (7th Cir.1990). The alleged misrepresentations in this case were, for the most part, oral. Although plaintiffs have alleged that defendants used a standard 'script' when making their presentations to prospective dealers (i.e. offering their 'securities' to prospective purchasers), in fact, all the evidence that the parties submitted indicates that the presentations varied in a number of material respects with the presenter—that is, the misrepresentations which plaintiffs allege do not appear to be common to the proposed class. If the misrepresentations are not common, then neither can be the questions of transaction or loss causation. Thus, the defendants are correct that class certification is not appropriate for the § 10(b) claim.

■ For similar reasons, certification is also not appropriate for the § 12(2) claim. True, § 12(2) does not require proof of loss causation, or even transaction causation. See *Bastian*, 892 F.2d at 685, *Wilson v. Ruffa & Hanover, P.C.*, 844 F.2d 81, 84–85 (2d Cir.1988). But it does require proof of the particular misrepresentation made by the particular offeror or seller to the purchaser. See *Id.* As the court noted above, each presentation varied in material respects and, furthermore, the presentations were made by a variety of people. Class treatment of this claim would thus also be far less efficient than individual treatment.

### 3. RICO Claim

■ The RICO claim is also inappropriate for class certification, for a number of reasons, but again most significantly because of the problems of proof. To prevail on this claim, each plaintiff would have to

fact, would have been better dealt with in a more concise fashion.

prove that one of the defendants made a particular misrepresentation, and further, that the misrepresentation proximately caused that plaintiff's loss. See *Bastian*, 892 F.2d at 686. Just as that is impracticable in a securities case relying heavily on oral misrepresentations, so it is in a RICO case relying on the same misrepresentations.

### Conclusion

This court certified a class based upon the plaintiffs' allegations of the illegality of NSA's "system" of operation. However, an evaluation of the requirements of proof on each count of plaintiffs' complaint, coupled with the fact that many of the misrepresentations plaintiffs have alleged were oral, makes this case, upon closer review, inappropriate for class treatment. Accordingly, this court grants the defendants' motion for reconsideration and vacates its order certifying the class.