See also 821 F.Supp. 533, 145 F.R.D. 485, 143 F.R.D. 181, 786 F.Supp. 1385.

**Steven S. SCHOLES, not individually, but solely as Receiver for Michael S. Douglas, D & S Trading Group, Ltd., Analytic Trading Systems, Inc., Analytic Trading Service, Inc., and Market Systems, Inc., and John LaVinka and Pamela LaVinka, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Michael P. MOORE, Defendant.**

**No. 90 C 6615.**

United States District Court, N.D. Illinois, E.D.

Aug. 12, 1993.

---

Richard Lawton Sandler, Mark Thomas Ostrowski, McDermott, Will & Emery, P.C., Jerrold E. Salzman, Phillip Leon Stern, Sherman Paul Marek, Robert P. Scales, Freeman, Freeman & Salzman, P.C., Chicago, IL, for plaintiffs.

Lawrence R. Samuels, Jeffrey Alan Berman, Patricia Klein Smoots, Jacquelyn F. Kidder, Ross & Hardies, P.C., Shannon Susan Sullivan, Hefter & Radke, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This action is brought by Steven S. Scholes ("Scholes"), not individually but solely as Receiver for D & S Trading Group, Ltd. ("D & S"), Analytic Trading Systems, Inc. ("AT Systems") and Analytic Trading Service, Inc. ("AT Service"), and by John and Pamela LaVinka (the "LaVinkas"), individually and on behalf of a putative class of investors in D & S, AT Systems, and AT Service, against defendant Michael Moore ("Moore"). Presently before the court is the LaVinkas' Motion for Class Certification.

This action arises out of certain fraudulent schemes initiated and perpetrated by Michael S. Douglas ("Douglas") for which he is currently incarcerated. The detailed facts alleged by the plaintiffs are set out in prior opinions of this court in this and related cases and will not be restated here. *See Scholes v. Stone, McGuire & Benjamin,* 786 F.Supp. 1385 (N.D.Ill.1992) (setting out the relevant facts). The LaVinkas, and the putative class, are asserting civil causes of action against Moore who allegedly conspired with Douglas to perpetrate the fraudulent schemes.

The LaVinkas' First Amended Complaint ("the Complaint") consists of fourteen counts. Plaintiffs allege claims for violations of RICO, 18 U.S.C. § 1962(a-d) (Counts I, II, III, IV), conspiracy to violate and aiding and abetting violations of Section 10(b) of the

Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder (Counts V and VI), common law fraud (Count VII), constructive fraud (Count VIII), violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IX), Breaches of Trust (Count X), Rescission under § 215 of the Investment Advisers Act of 1940 (Count XI), Breaches of Fiduciary Duty (Count XII), Unjust Enrichment (Count XIII), and Constructive Trust (Count XIV). The LaVinkas now move to certify a class on behalf of all persons or entities who were investors in D & S, AT Systems or AT Service and who have lost some or all of their investments. Excluded from the putative class are those investors who are defendants in class actions instituted by either the LaVinkas or by Harris and Diane DeJong. For the following reasons, the court will certify the class proposed by the LaVinkas.

### I. *Class Certification*

The LaVinkas bear the burden of demonstrating that all four prerequisites of Rule 23(a) are satisfied as well as one of the three categories of Rule 23(b). *See Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984). Class certification under Rule 23(a) is appropriate when: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a). Equally important, because the LaVinkas wish to certify a class pursuant to Rule 23(b)(3) they must also demonstrate that "questions of law or fact common to the members of the class predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED.R.CIV.P. 23(b)(3).

The defendants contend that none of the four prerequisites are met. We address each essential element of Rule 23(a) in turn. Thereafter, we consider the requirements of Rule 23(b)(3).

### A. *Numerosity*

According to Rule 23(a) the proposed class must be so numerous that joinder of all members is impracticable. The LaVinkas seek to represent a class of 129 to some 300 persons geographically dispersed throughout the United States. In fact, the Complaint alleges that over 300 account holders in the various Douglas entities lost in excess of 24 million dollars as a result of Douglas' fraudulent conduct.

Defendant argues that the numerosity requirement is not met because the over 100 D & S investors cannot be counted in the class. According to the defendant, "plaintiffs concede that Moore had no involvement with D & S. [Therefore,] the D & S investors [and t]hose who invested in D & S and rolled their investments over into Douglas' subsequent entities" have no viable claims and, thus, cannot be counted in the class. Furthermore, according to defendant, plaintiffs cannot show any investors actually relied on Moore in making their investment decisions and, thus, the numerosity requirement is not met. *See* Defendant's Mem. in Opp., at pp. 13–14. We disagree.

First, whether or not plaintiffs have stated a valid cause of action is not relevant to a determination of numerosity or class certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). The relevant requirement for class certification under Rule 23(a) here is that "the class is so numerous that joinder of all members is impracticable." In that regard, plaintiffs allege that Moore "became active in the conspiracy during its AT Systems phase". Plaintiffs' Mem. in Supp., at pp. 3–4. This is well after the D & S scheme had begun. As such, and as defendant argues, Moore cannot be directly responsible for those initial investments in D & S. Plaintiffs do not argue otherwise. However, plaintiffs do allege that Moore conspired with Douglas and others to defraud investors. Taking this allegation as true, as we must for purposes of this motion, we assume here that Moore would be liable for all damages caused by any acts in furtherance of the conspiracy, even those committed before he joined. *See In re Lower Lake Erie*

*Iron Ore Antitrust Litig.*, 710 F.Supp. 152, 153–54 (E.D.Pa.1989) (holding conspirator liable for prior acts of co-conspirators). As such, the D & S investors are appropriate class members. Therefore, because the class appropriately includes all D & S, AT Systems and AT Service investors, plaintiffs have demonstrated numerosity. *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D.Ill.1992) (finding identical investor class sufficiently numerous in related case).

■ Similarly, defendant's argument that no investor relied on any representation of Moore is without merit. Plaintiffs need not allege that each class member relied on acts of Moore when making his or her investment decision. As alleged, Moore furthered Douglas' fraud as an active member of the conspiracy. As such, plaintiffs need not prove reliance on Moore's representations. Reliance on other conspiratorial acts is sufficient. *See Lynch v. Marklin of America, Inc.*, 724 F.Supp. 595, 599 (N.D.Ill.1989) (conspirators liable for all acts of co-conspirators). For these reasons, defendant's arguments fail and plaintiffs have shown the requisite numerosity.

### B. *Commonality*

■ Rule 23(a)(2) requires that there be questions of law or fact common to the class. The LaVinkas argue that issues of law and fact common to the class include: (1) whether Douglas participated directly or indirectly in the conduct of one or more enterprises' affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); (2) whether Moore conspired with Douglas and others in violation of 18 U.S.C. § 1962(d); (3) whether Moore entered into a conspiracy to violate the federal securities laws; (4) whether Moore aided and abetted securities fraud; (5) whether Moore participated in a fraud or an unlawful conspiracy so as to be liable under Illinois common law for fraud; (6) whether Moore has violated the Illinois Consumer Fraud and Deceptive Practices Act; (7) whether Moore, with notice of a breach of trust by Douglas, participated in that breach; and (8) whether the members of the class have sustained damages, and, if so, the proper measure of damages.

In opposition, defendant argues that plaintiffs merely recite their claims, that individual issues of reliance predominate, and that the various states' laws of fraud must be individually applied. These arguments fail. First, the fact that plaintiffs' common questions mirror their claims is not surprising. These are the issues which will have to be proven at trial. Merely because the asserted common questions of law and fact parallel and overlap the claims asserted does not defeat commonality.

Second, defendant argues that individual issues of reliance predominate over any common issues. In support of this argument, defendant states that the claims against him stem from oral misrepresentations and omissions only. Therefore, defendant argues, each claimant must individually prove that he or she relied on the oral misrepresentations or omissions. Defendant's Mem. in Opp., at p. 8 (citing *Coe v. Nat'l Safety Assocs., Inc.*, 137 F.R.D. 252, 254 (N.D.Ill.1991)). This is not correct. Plaintiffs allege that Moore conspired with Douglas and others to defraud investors and that these conspiracies involve dissemination of written, fraudulent offering materials. Plaintiffs' First Amended Complaint, pp. 10–33, ¶¶ 32–119. Moore, as an alleged co-conspirator, is liable for all conspiratorial acts—not just his own. *See Lower Lake Erie*, 710 F.Supp. at 153–54. Thus, Moore is liable for any misrepresentations or material omissions in any of the written offering materials and not just his own statements. Absent any conspiracy between Moore and Douglas, a different result may obtain. *See Coe v. Nat'l Safety Assocs., Inc.*, 137 F.R.D. 252 (N.D.Ill.1991) (specific misrepresentations made to individual purported class members insufficient to support commonality). However, "[a] class action will not be defeated solely because there are some factual variations among the members' grievances.... Thus, the mere fact that some additional oral misrepresentations were allegedly made to the named plaintiffs does not preclude a finding of commonality". *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D.Ill.1986). As such, plaintiffs have shown commonality as to their Counts alleg-

ing conspiracies involving written misrepresentations.

Whether or not plaintiffs have sufficiently alleged these conspiracy claims against Moore is a separate question. Moore does not seem to fully appreciate the distinction and makes several arguments in his opposition to the motion for class certification that the plaintiffs' claims are deficient. These arguments may or may not have merit. However, on a motion for class certification, only the requirements of Rule 23 need be met. *Eisen*, 417 U.S. at 178, 94 S.Ct. at 2152. Here, as discussed above, plaintiffs have shown that sufficient common questions of law and fact exist to satisfy Rule 23(a)(2).

### C. *Typicality*

■ The LaVinkas' claims are typical under Rule 23(a)(3) if they arise "from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992) (quoting *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983)). Typical, however, does not mean identical. Rather, the court must "look to the defendant's conduct and the plaintiffs' legal theory to satisfy Rule 23(a)(3)." *Rosario*, 963 F.2d at 1018. The typicality requirement is liberally construed. *Hochschuler v. G.D. Searle & Co.*, 82 F.R.D. 339, 344 (N.D.Ill.1978).

Defendant argues the typicality requirement is not met because the LaVinkas were "associated persons" in the Douglas entities and, as such, atypical of the class. This argument fails for the same reasons set forth in this court's Order in *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. at 185–86 (rejecting same argument in related case as to same class representatives). The LaVinkas lost approximately $600,000.00 in Douglas' schemes. Defendant has offered no evidence showing that the LaVinkas knew of the criminal or fraudulent nature of Douglas' schemes. At one point, the LaVinkas did "earn" approximately $90,000.00 as a finder's fee for soliciting others into Douglas' schemes. This money, however, was imme-

diately reinvested by the LaVinkas in one of Douglas' entities, and subsequently lost. As such, this argument fails. The LaVinkas have shown that their claims are typical of the class.

### D. *Adequacy of Representation*

■ The final element of Rule 23(a) requires that the representative parties fairly and adequately represent the class. *Rosario*, 963 F.2d at 1018. This subsection is composed of two factors. The first requirement is that the class representative not have interests antagonistic to those of the class. The second requirement is that the plaintiffs will vigorously pursue the litigation on behalf of the class and their chosen attorney must be qualified, experienced and able to conduct the litigation.[1] *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir.1986); *Fry v. UAL Corp.*, 136 F.R.D. 626, 634 (N.D.Ill.1991).

In response, defendant vigorously argues that the LaVinkas are not adequate representatives because Pamela LaVinka was an "associated person" with Douglas and solicited investments for him. As such, defendant asserts, "the LaVinkas were not the 'real victims' of Douglas' fraud". Def.'s Mem. in Opp., at p. 11. This same argument was rejected above regarding typicality. *See supra; see also Stone, McGuire*, 143 F.R.D. at 186–88 (addressing, and rejecting, this same argument in related action regarding same class representatives). The LaVinkas have shown that they are adequate representatives of the class as required by Rule 23(a)(4).

### E. *Predominance and Superiority*

■ As we have determined that all the prerequisites of Rule 23(a) are met, we next address the requirements of Rule 23(b)(3). The LaVinkas once again must establish that class questions predominate and that a class action is a superior method to adjudicate this controversy. FED.R.CIV.P. 23(b)(3).

In support of his position that common questions do not predominate, defendant re-

---

1. There is no dispute that counsel for the LaVinkas are well-qualified and experienced.

peats his argument that plaintiffs allege only oral misrepresentations and silence by Moore in support of their claims. Thus, Moore argues, individual questions of reliance predominate. This argument fails here for the same reasons as stated above. Plaintiffs allege Moore heavily involved himself in a broad conspiracy to defraud. Common issues include whether or not Moore joined the conspiracy with Douglas and others to defraud investors, whether any statement contained in offering materials was material and misleading, whether any material omissions were made, and whether any party made oral misrepresentations or omissions. While individual issues of reliance may arise, we believe that plaintiffs have shown that common issues predominate. *See In re Bally Mfg. Sec. Corp. Litig.*, 141 F.R.D. 262, 267–68 (N.D.Ill. 1992) (finding predominance of common issues notwithstanding variances in material information); *see also Town of New Castle v. Yonkers Contracting Co., Inc.*, 131 F.R.D. 38, 42 (S.D.N.Y.1990) (common questions of law or fact must predominate, not be exclusive). The court is mindful, however, that a motion to dismiss is pending in this case. Due to the nature of the conspiracy claims alleged, the disposition of that motion may affect this determination of class certification. As such, the court reserves the right to alter, amend or modify the class pursuant to FED.R.CIV.P. 23(c). At this point, however, taking the allegations as true, the plaintiffs have shown that common questions predominate.

■ Lastly, defendant argues that the class action is not the superior method of adjudicating this controversy because the putative class does not share common issues and because the class members are asserting large claims. Neither argument succeeds. First, twice above we have rejected Moore's argument that plaintiffs do not share common issues. Twice is enough. Second, although some class members, including the LaVinkas, may have "large" claims against Moore, this will not defeat class certification. Indeed, none of the cases cited by defendant so holds. *See Gibb v. Delta Drilling Co.*, 104 F.R.D. 59, 74 (N.D.Tex.1984) ("Differences in the amount of damages sought do not destroy typicality."); *Kassover v. Computer Depot, Inc.*, 691 F.Supp. 1205, 1213 (D.Minn.

1987) (acknowledging that "the class action device is a necessary vehicle for the vindication of small claims", but not averring that the device precludes vindication of large claims); *Robin v. Doctors Officenters Corp.*, 123 F.R.D. 579, 582 (N.D.Ill.1988) (decertifying class of only four investor plaintiffs each of whom lost in excess of $360,000.00 because each could pursue the litigation individually). Furthermore, the court finds that the class action is the superior method of adjudicating this controversy. Several hundred claimants share purported claims against this defendant. Not every claimant sustained such large damages that he or she could pursue his or her own action. Certifying a class in this case will, thus, help to ensure judicial efficiency and consistent judgments in this matter.

## CONCLUSION

Having found that plaintiffs have established all the requirements of FED.R.CIV.P. 23, the LaVinkas' motion to certify a class consisting of all persons or entities who were investors in D & S, AT Systems or AT Service and who have lost some or all of their investments is granted. Excluded from the class are those investors who are defendants in class actions instituted by either the LaVinkas or by Harris and Diane DeJong. With regard to notice to class members pursuant to Federal Rule of Civil Procedure 23(c)(2), plaintiffs are directed to submit a draft of their proposed notice form to the court and opposing counsel on or before August 17, 1993. Any objections to plaintiffs' proposed notice shall be filed on or before August 24, 1993.