Catherine WAGNER, Plaintiff,

v.

The NUTRASWEET COMPANY,
Defendant.

No. 92 C 2418.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 9, 1997.

& Kammholz, Chicago, IL, for NutraSweet Co.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

In this action several plaintiffs, who were women managers employed by the defendant, The NutraSweet Company, claimed that the salaries paid to them and other women managers were discriminatory. In a series of earlier decisions, this Court granted summary judgment for NutraSweet on the ground that the named plaintiffs' claims were barred by a release each plaintiff had signed. The Court also denied the plaintiffs' original motion for class certification. *See Wagner v. Nutrasweet Co.*, 873 F.Supp. 87 (N.D.Ill. 1994); *Wagner v. NutraSweet Co.*, 900 F.Supp. 959 (N.D.Ill.1995). On appeal, the Seventh Circuit affirmed the Court's decision as to most of the named plaintiffs and their claims, but reversed as to claims brought by plaintiff Catherine Wagner for compensation she received under a separate agreement that post-dated her signing of a release. The Seventh Circuit also vacated this Court's earlier decision on class certification and directed us to re-evaluate certification in light of the narrower remanded claims. *See Wagner v. NutraSweet Co.*, 95 F.3d 527, 534–35 (7th Cir.1996).

As the sole remaining plaintiff, Wagner now seeks certification of a class composed of:

> All women employed by NutraSweet as directors, managers, or in other positions at Grades 26 and above (or equivalent grade) at NutraSweet's non-manufacturing facilities at any time between January 31, 1991 and April 2, 1992, except for those who signed releases in the April 1991 reduction in force ... and were not actively employed after signing the release.

This group claims that NutraSweet discriminated against them on the basis of sex by paying them less than similarly situated male employees. For the reasons that follow, we grant the motion for class certification.

Thomas R. Meites, Joan Harlow Burger, Paul William Mollica, Meites, Frackman, Mulder & Burger, Chicago, IL, for Catherine Wagner.

Thomas G. Abram, Richard C. Robin, Edward C. Jepson, Jr., Vedder, Price, Kaufman

## LEGAL ANALYSIS

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Rule 23 requires a two-step analysis to determine whether class certification is appropriate. *Alliance to End Repression v. Rockford*, 565 F.2d 975, 977 (7th Cir.1977). First, the plaintiff must meet all four requirements of Rule 23(a). That is, (1) the class must be so numerous that joinder of all members is impracticable ["numerosity"]; (2) there must be questions of law or fact common to the class ["commonality"]; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ["typicality"]; and (4) the representative parties must be likely to protect the interests of the class fairly and adequately ["adequate representation"]. FED.R.CIV.P. 23(a). Failure to meet any one of these elements precludes certification of the class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir.1993). Second, the action must also "satisfy one of the conditions of Rule 23(b)." *Alliance to End Repression*, 565 F.2d at 977. Wagner seeks certification under Rule 23(b)(3), which requires that questions of law or fact common to class members predominate over questions affecting only individual members, and that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. On all of these points, Wagner bears the burden of establishing that class certification is appropriate. *Retired Chicago Police*, 7 F.3d at 596.

▪ NutraSweet opposes the motion for class certification on the ground that none of the requirements of Rule 23(a) is met.[1] We examine each element below.

### Commonality and Typicality

▪ Rule 23(a)(2) requires the presence of questions of law or fact common to the class. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992).

Wagner frames the common issue here as whether company-wide salary guidelines, in conjunction with the discretion exercised by individual managers, "systematically undercompensated women."

NutraSweet argues strenuously that its salary guidelines were not used by individual managers, who for years operated independently in each of NutraSweet's units. Therefore, they argue, any discrimination suffered by Wagner cannot be generalized to women managers in other units, and the class should be limited to only those women managers who were employed in the R & D unit.

We reject this argument for several reasons. First, NutraSweet's arguments raise a "fact-intensive challenge that clearly goes to the merits of the claim and is barred by *Eisen [v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974)] at this preliminary stage." *Meiresonne v. Marriott Corp.*, 124 F.R.D. 619, 623 (N.D.Ill.1989) (a centralized system addressing promotions may create commonality even where the employer argues that the guidelines were not mandatory and were rarely used). It is inappropriate for this Court to reach the merits of Wagner's claim in deciding a motion for class certification. That approach, which was taken in several of the cases relied upon by NutraSweet such as *Gonzalez v. Brady*, 136 F.R.D. 329 (D.D.C. 1991), is fatally flawed and must be squarely rejected by this Court.

Second, Wagner correctly notes that the Lowry study indicates that NutraSweet itself viewed its salary decisions on a company-wide basis. Third, NutraSweet's own exhibits belie their argument. Deposition after deposition documents that the decentralized, discretionary mode of salary-setting was jettisoned by the new CEO, Bob Flynn, shortly after his arrival in mid–1990. To rein in personnel costs, Flynn required an overhaul of the salary-setting process which included the implementation of a company-wide system of salary guidelines and budgets with which individual managers were pressured to comply. Wagner's claims of salary discrimi-

---

1. In arguing against class certification, Nutra-Sweet's arguments often address the merits of Wagner's claims. This approach is a mistake. In deciding a motion for class certification we make no inquiry into the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974).

nation, and presumably those of other class members, date from after Flynn's arrival, and the class definition includes only women managers employed after his arrival. Accordingly, NutraSweet cannot use the old, decentralized system of salary-setting to defeat Wagner's claims to represent women managers on a company-wide basis.

Finally, even if Wagner's or other class members' claims were based on the old, decentralized system of salary-setting, that system itself can be a basis for a discrimination claim if NutraSweet provided individual decisionmaking employees with unfettered discretion that resulted in discrimination. *See Buycks–Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 322, 330 (N.D.Ill.1995) ("Certainly, where the subjective decisions of ... employees allow [an organization] to systematically discriminate ..., common issues of law and fact exist regardless of individual differences" between class members).

■ The presence of some factual variations among class members' experiences will not defeat class certification. *Rosario v. Livaditis*, 963 F.2d at 1017. Plaintiffs need only show that there is "at least one question of law or fact common to the class" to satisfy the commonality requirement. *In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D.Ill. 1991). For all of these reasons, the Court finds that the commonality element is present here.

■ The typicality element requires that the representative's claims be typical of those of the class. " 'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.' " *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983) (quoting H. NEWBERG, CLASS ACTIONS ¶ 1115(b) (1977)). Here, Wagner's claim that she received a lower salary than men who were comparably situated is based on the same course of conduct by NutraSweet as the class claims. We thus find that Wagner's claims meet the typicality requirement.

*Numerosity*

■ Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." FED.R.CIV.P. 23(a)(1). Wagner has defined the class to include women managers in all of NutraSweet's non-manufacturing units, which would produce a class of approximately 102 to 139 members. NutraSweet argues that the class numbers only about 14—the number of women managers in Wagner's R & D unit. This argument rests on NutraSweet's contention that each unit of NutraSweet must be considered separately, as each unit allegedly made its own personnel decisions. We have already considered and rejected this argument. Accordingly, we reject NutraSweet's definition of the class as being confined to Wagner's own unit, and find that the numerosity requirement has been met. *See Scholes v. Moore*, 150 F.R.D. 133, 136 (N.D.Ill.1993) (class of over 100 plaintiffs met the numerosity requirement).

*Adequacy of Representation*

■ Rule 23(a) lastly requires that the named plaintiff(s) will "fairly and adequately protect the interests of the class." FED. R.CIV.P. 23(a)(4). The adequacy requirement has three elements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class, *Rosario*, 963 F.2d at 1018; (2) the named representative must have "a sufficient interest in the outcome to ensure vigorous advocacy," *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D.Ill.1986); and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously, *Kriendler v. Chemical Waste Mgmt., Inc.*, 877 F.Supp. 1140, 1159 (N.D.Ill.1995).

■ NutraSweet charges that Wagner's interests are antagonistic to those of the other class members, because, as a manager in the R & D personnel office, she was involved in implementing the very salary practices she now condemns. Wagner contradicts that charge, however, testifying that her involvement in implementing the salary system in the R & D unit was minimal, and that she had no salary-setting authority with regard to any of the class members. NutraSweet's factual submissions do not rebut these arguments. In *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir.1986), the Second Circuit held that the trial court erred

in disqualifying a named plaintiff from representing the class on the ground that her interests were antagonistic to those of the class. The court noted that although the named plaintiff held the title of vice president, her minor role in personnel decision-making was similar to that of other managerial class members, and her authority was sufficiently limited that she need not be considered an agent for the employer. *Id.* at 595–96. Moreover, her status as a manager was the same as that of the other class members, who were also managerial and professional employees. The same circumstances exist in this case.

By contrast, the cases cited by Nutra-Sweet involve situations in which the named plaintiff was a manager, while the class members were non-managerial employees. In such a situation, a conflict may indeed exist, depending on the nature of the claim. That situation does not exist here, however. Accordingly, the Court rejects NutraSweet's argument that Wagner is not an adequate representative for the class.

The Court has found that all the elements necessary to grant class standing under subsection (a) of Rule 23 are present. Nutra-Sweet has not challenged Wagner's contention that this action is appropriate for class certification under Rule 23(b)(3), as one in which common issues of law and fact predominate and "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R.CIV.P. 23(b)(3). Wagner has met the requirements for demonstrating that the proposed class should be certified.

■ NutraSweet's final contention is that if a class is certified, it should extend only until August 1, 1991 rather than April 2, 1992. NutraSweet argues that new salary guidelines went into effect on that date—guidelines to which Wagner herself was never subject. NutraSweet presents no evidence that the new salary guidelines remedied any pre-existing compensation disparities that existed in the old guidelines. By contrast, an evaluation performed in April 1992 suggested that some disparities continued to exist even after the implementation of the new guidelines. The Court sees no reason to depart from the dates specified in the class definition proposed by Wagner.

## CONCLUSION

The motion for class certification is granted. The Court hereby approves notice to the class in the form proposed by Wagner in her reply brief. Plaintiff's counsel is instructed to proceed with notice to the class before the date of the next status hearing.

The Court regrets that class certification has not been finally resolved until almost five years after the filing of the case, but circumstances beyond its own control—including the transfer of this lawsuit from the originally assigned judge and the intervening appeal—have caused some unavoidable delay. The Court's primary concern now is to address the merits of the case as fairly and expeditiously as possible. To that end, the parties shall appear for a status hearing to be held in open court on February 3, 1997 at 9:15 a.m.