Carolyn P. AIKEN

v.

**NEIMAN–MARCUS, a Division of Carter-Hawley Hale Stores, Inc.**

No. CA–3–76–1420–G.

United States District Court,
N. D. Texas,
Dallas Division.

Dec. 5, 1977.

Joann Peters, Anderson & Peters, Dallas, Tex., for plaintiff.

David A. Maddux, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., William T. Hawkinson, Thompson, Knight, Simmons & Bullion, Dallas, Tex., for defendant.

## ORDER

HIGGINBOTHAM, District Judge.

Plaintiff moved to certify a class composed of:

"(a) all female executive trainees employed by the defendant from June 1, 1972 to the present,

(b) all females employed by the defendant in its managerial or supervisory positions from June 1, 1972 to the present,

(c) all females who applied or otherwise sought consideration for placement in managerial or supervisory positions with the defendant from June 1, 1972 to the present, and

(d) females employed by the defendant throughout its operations and who received less compensation than males with the same or comparable job duties or content, from June 1, 1972 to the present."

The parties argued the prerequisites for class certification both orally and in extensive and excellent briefs. The evidence produced during this thorough discussion compels the holding that the plaintiff has failed to prove the existence of a class.

It is a simple matter to state the rule that the plaintiff ·has the burden of proving she can meet the rule 23 requirements. The difficulty is in defining that burden of proof. A plaintiff must, on the one hand, do more than merely allege that the rule 23 requirements have been met; some facts must be shown. On the other hand, a plaintiff is not required to prove a prima facie case. A standard for measuring the adequacy of a plaintiff's "proof" or how deeply into the merits of a case a plaintiff must delve to prove the rule 23

requirements are met has not yet been developed; regardless, this plaintiff has wholly failed to demonstrate that any classwide discrimination against females exists. This case does not fall into that difficult middle ground, but is disposed of by the rule that barebones conclusions are insufficient.

Moreover, the data that was generated (by defendant) strongly suggests the absence of any corporate practice creating a common issue. This is not to suggest that a probable lack of success on the merits is any basis for a denial of class certification. It is to say that we cannot close our eyes to defendant's data when, after a substantial time for discovery, the proffered class representative does not (because presumably she cannot) offer more than a pleading assertion. Certainly this is true when that data is only confirmatory of that inability. In other words, we are not, in looking at defensive data, deciding the "merits" of the alleged illegal practices, only demonstrating that no class issue exists.

Finally, there has been no proof that the plaintiff is a member of the class she would represent. In *Carr v. Conoco Plastics, Inc.*, 423 F.2d 57 (5th Cir.), affirming and adopting opinion 1 FEP Cases 626 (N.D.Miss. 1969), cert. denied, 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970), the Fifth Circuit allowed an applicant to represent existing employees. The trial court had held:

> "It is foolhardy to say that once plaintiffs have removed racial discriminatory practices at the door, they are required to start anew in order to remove those that exist on the inside." 1 FEP Cases at 631.

*Carr* suggests that this circuit's view of class "membership" is elastic. As compelling as the language of the Mississippi court may be for its facts, its appeal to the heart must be guarded lest it obscure required analysis of differing facts. The requirement of class membership must have some meaning. At the least it requires common interest among class members. In *East Texas Motor Freight v. Rodriquez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Supreme Court addressed in terms of class membership the problems of nonvictims of discrimination representing a class of victims. Ms. Aiken has not been in the defendant's employ for at least five years. She has no interest in returning to the company's employ; she has no personal stake in correcting any discriminatory promotions or illegal present working conditions. At some point dissimilarity of interest and common objective bears the label of nonmembership. The point is that membership while concededly both elastic and overlapping of other rule 23 terms, has a unique emphasis. *Rodriquez* would seem to hold no more and would seem to differ from *Carr* only in emphasis. And the differing emphases were responsive to different facts.

In sum, whether expressed as an absence of membership or an absence of "typicality", Ms. Aiken is not an adequate class representative.